**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANCY DELGADO-SARABIA; L. D.-D., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-2031 <br><br> Agency Nos. A246-595-672 <br> A246-595-673 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2026[**]
Portland, Oregon

Before: COLLINS and LEE, Circuit Judges, and FITZWATER, District Judge.[***]

Petitioners Nancy Delgado-Sarabia and her minor daughter L.D.-D., citizens

of Mexico, petition for review of a decision of the Board of Immigration Appeals

("BIA") upholding an order of an Immigration Judge ("IJ") denying Petitioners'

applications for asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Convention Against Torture ("Torture Convention").[1]  We have jurisdiction under § 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252.  We review legal questions de novo and the agency's factual findings for substantial evidence.  *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).  Under the latter standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).  We deny the petition.

To qualify for asylum or withholding of removal, an applicant must show a "nexus" between past or feared future harm and "a protected ground," *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023), and "membership in a particular social group" is one such protected ground, 8 U.S.C. § 1101(a)(42)(A); *see also id*. § 1231(b)(3)(A).  Here, substantial evidence supports the agency's conclusion that Petitioners failed to establish a nexus between any past or future harm and their proposed social groups of "Mexican women" and "Mexican women who are leaving abusive relationships."  In light of Delgado-Sarabia's own testimony, the agency reasonably concluded that the threats she received from her former partner were based on a "personal dispute over [her] taking their child from Mexico to the United States, and not because of a protected ground."  *See Pagayon*

---

[1] Delgado-Sarabia and her daughter filed separate applications for asylum, withholding of removal, and protection under the Torture Convention, but both applications are based on the same allegations of mistreatment.  Delgado-Sarabia's daughter is also listed as a rider on her mother's asylum application.

*v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (holding that a mere personal dispute lacks a nexus to a protected ground). Petitioners point to evidence that Delgado-Sarabia's former partner also made threats concerning the custody of the child even before Delgado-Sarabia took her from Mexico, but nothing about that evidence compels a conclusion that is contrary to the agency's finding that the former partner was motivated by a personal dispute rather than by a protected ground. The agency likewise permissibly concluded that Petitioners' concerns about dangerous conditions in Mexico did not establish a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Substantial evidence supports the agency's rejection of Petitioners' Torture Convention claim on the ground that they had failed to show that it is more likely than not that they would be tortured if returned to Mexico. The agency reasonably concluded that Petitioners' evidence concerning Delgado-Sarabia's former partner's threats, together with the country conditions evidence, "fail[ed] to show that Petitioner[s] face[] a particularized, ongoing risk of future torture." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022).

**PETITION DENIED.**

3